# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BAILEY WATKINS,** 155 Harvard Ave. Mansfield, OH 44906 | Case No. 1:23-cv-464 |
| and | JUDGE |
| **BEN BANTZ** 7468 County Road 22 Loudonville, OH 44842 | MAGISTRATE JUDGE |
| | **Jury Demand Endorsed Hereon** |
| **Plaintiffs, for themselves and all others similarly situated,** | |
| v. | |
| **BP ELECTRIC OF OHIO, INC** c/o Registered Agent: Jennifer R. Poth 4194 State Route 42 South Lexington, OH 44904 | |
| **Defendant.** | |

## COLLECTIVE ACTION COMPLAINT

NOW COME Plaintiffs Bailey Watkins and Ben Bantz ("Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and others similarly situated, and proffer this Complaint for damages against Defendant BP Electric of Ohio, Inc. ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

-1-

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure damages and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio and common law pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant is doing and has done substantial business in the Northern District of Ohio and Plaintiffs worked in and in the Northern District of Ohio.

## THE PARTIES

5. Plaintiff Bailey Watkins is an individual and a resident of the state of Ohio. Plaintiff Watkins resides in Richland County, Ohio.

6. Plaintiff Ben Bantz is an individual and a resident of the state of Ohio. Plaintiff Bantz resides in Holmes County, Ohio.

7. Defendant BP Electric of Ohio, Inc. is corporation for profit registered to do business in Ohio and conducts business in the Northern District of Ohio.

8. At all times relevant herein, Plaintiffs have been "employees" of Defendant as terms is defined in the FLSA.

9. Defendant is and has been an "employer" as that term is defined by the FLSA.

10. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

11. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has an annual gross volume of sales and/or business in an amount not less than $500,000.00.

12. Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and Plaintiffs have given written consent to bring this action to collect unpaid overtime and other compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

**A.** **Defendant's Pay Practices**

13. Defendant is an electrical service company located in Lexington, Ohio.

14. Defendant employs Electricians to perform service work in Northeast and Central Ohio. Electricians are all hourly paid and non-exempt.

15. Defendant employees approximately 10-15 Electricians and at any given time.

16. Electricians, including the Named Plaintiffs, routinely work more than 40 hours each workweek.

17. All Defendant's Electricians, including the Named Plaintiffs, are required to clock-in and clock-out for their shift.

18. All Defendant's Electricians, including the Named Plaintiffs, drive to Defendant's Lexington location each morning to load supplies into work vehicles. The work vehicles are owned by Defendant and are kept at the Lexington location each night.

19. Electricians, including the Named Plaintiffs, clock-in when they arrive at Defendant's Lexington facility each morning.

20. After Electricians complete their final service stop for the day, they must clock-out before driving back to Defendant's Lexington facility.

21. Electrician must drive from their last service stop to Defendant's Lexington facility to return the work vehicle and make sure the vehicle is clean for the morning.

22. Electricians are not paid for the drive time between their last service stop and Defendant's Lexington facility.

23. As a result of Defendant's requirement that Electricians clock-out after their last service stop, Electricians, including the Named Plaintiffs, are not paid for overtime hours (hours worked over 40 in a workweek) at the required time and one half the Electricians' regular rate of pay.

**B.** **Named Plaintiffs' Employment Experiences**

24. Named Plaintiff Bailey Watkins began his employment with Defendant in or about December 2015 as an Electrician. Named Plaintiff Watkins was employed until in or about April 2022.

25. Named Plaintiff Ben Bantz began his employment with Defendant in or about April 2016 as an Electrician. Named Plaintiff Bantz was employed until in or about April 2022.

26. At all times relevant herein, Named Plaintiffs Watkins and Bantz were paid on an hourly basis.

27. At all times relevant herein, Named Plaintiffs Watkins and Bantz regularly worked more than 40 hours per week.

28. At all times relevant herein, Named Plaintiffs Watkins and Bantz were not paid for the drive time after they completed their last service stop. As a result, Named Plaintiffs were not paid time and a half for all hours worked over 40 in a workweek.

29. Defendant did not pay Named Plaintiffs and its other Electricians in accordance with the FLSA.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. Named Plaintiffs brings their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former Electricians employed by Defendant who, during the past three (3) years, worked 40 or more hours, including drive time, in any workweek. (The "FLSA Class")

32. Named Plaintiffs and the SSPs were subject to the same payroll policies and practices. Specifically, Named Plaintiffs and the SSPs were not paid an overtime premium at a rate of one and one-half their respective regular rates of pay for all hours worked in excess of 40 during a workweek due to Defendant's unlawful requirement not to pay drive time.

33. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Named Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

34. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and permitted to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

35. In addition to Named Plaintiffs, numerous SSPs have been denied proper overtime compensation due to Defendant's company-wide refusal to correctly pay overtime compensation.

36. Named Plaintiffs and the SSPs were paid on an hourly basis.

37. Named Plaintiffs and the SSPs were non-exempt employees.

38. Named Plaintiffs and the SSPs worked more than 40 hours per week.

39. Named Plaintiffs and the SSPs were not paid an overtime premium for all hours worked in excess of 40 in each workweek.

40. Defendant was aware that Named Plaintiffs and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 per week.

41. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether it was required to pay Named Plaintiffs and the SSPs at an overtime premium at the employees' regular rate of pay for all hours worked in a workweek in excess of 40.

42. Accordingly, Named Plaintiffs and the SSPs were required to work more than 40 hours per week without proper overtime compensation. As a result, Named Plaintiffs and the SSPs have been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs are entitled to and pray for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiffs and all

other members of the FLSA Class the total amount of damages to which Plaintiffs and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $100,000.00.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)